[Cite as *Powell v. Ohio Dept. of Transp.*, 2011-Ohio-6584.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JANET POWELL

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-05076-AD

Acting Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiff, Janet Powell, filed this action against defendant, Department of Transportation (ODOT), contending her mother's 1999 Chevrolet Prism was damaged as a proximate result of negligence on the part of ODOT personnel in maintaining a hazardous condition on State Route 281 in Wood County. In her complaint, plaintiff stated that she hit a pothole and the tire immediately deflated. Plaintiff recalled the particular damage incident occurred on March 13, 2011, at approximately 3:30 p.m. Plaintiff requested damages in the amount of $125.75, the total cost of a replacement tire and rim. The $25.00 filing fee was paid.

{¶2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's March 13, 2011 described occurrence. Defendant located the pothole "at approximately milepost 19.86 on SR 281 in Wood County." Defendant explained ODOT "did not receive any reports of the pothole or have knowledge of the pothole prior to the incident." Defendant argued plaintiff did not provide any evidence to establish the length of time the particular pothole was present on the roadway prior to March 13, 2011. Defendant suggested, "it is likely the pothole existed for only a short time before the incident." Furthermore, defendant contended plaintiff did not offer any evidence to

prove the roadway was negligently maintained. Defendant related the ODOT "Wood County Manager inspects all state roadways within the county at least two times a month." Apparently, no potholes were discovered in the vicinity of plaintiff's incident on SR 281 the last time that section of roadway was inspected prior to March 13, 2011. Defendant's maintenance records show potholes were patched in the vicinity of plaintiff's incident on February 8, 2011, March 1, 2011, and March 13, 2011.[1]

{¶3} Plaintiff did not file a response.

{¶4} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR

---

[1] Based upon the information submitted by defendant, the trier of facts notes that the pothole patching operation on March 13, 2011, occurred after and in response to plaintiff's incident.

64, 507 N.E. 2d 1179.  There is no evidence defendant had actual notice of the pothole on SR 281 prior to the afternoon of March 13, 2011.

{¶7}   Therefore, to find liability plaintiff must prove ODOT had constructive notice of the defect.   The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed.  *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶8}   In order for there to be constructive notice, plaintiff must show sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence.  *Guiher v. Dept. of Transportation* (1978), 78-0126-AD.  Size of the defect is insufficient to show notice or duration of existence.  *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891.  "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards."  *Bussard,* at 4.  "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation."  *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183.  There is insufficient evidence to show defendant had constructive notice of the pothole.

{¶9}   Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either:  1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently.  *Denis v. Department of Transportation* (1976), 75-0287-AD.   The fact defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident twice in the five weeks preceding March 13, 2011, does not prove negligent maintenance of the roadway on the part of ODOT.   See *Maynard v. Ohio Dept. of Transp., Dist. 10*, Ct. of Cl. No. 2004-03730-AD, 2004-Ohio-3284; *Marcis v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2004-05830-AD, 2004-Ohio-4830.

{¶10} Plaintiff has not produced sufficient evidence to infer defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the

defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Plaintiff has failed to introduce sufficient evidence to prove defendant maintained a known hazardous roadway condition. Plaintiff has failed to prove that her property damage was connected to any conduct under the control of defendant, defendant was negligent in maintaining the roadway area, or that there was any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.



Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JANET POWELL

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-05076-AD

Acting Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Acting Clerk

Entry cc:

Janet Powell
1226 Chateau Court
Findlay, Ohio 45840

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

7/21
Filed 8/4/11
Sent to S.C. reporter 12/20/11